UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

MRS. SILVIA JENKINS,

          Plaintiff,

 v.                   5:12-CV-855
                            (GTS/ATB)

ONONDAGA COUNTY SHERIFF'S
DEPARTMENT,

         Defendant.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

SILVIA JENKINS
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

  On May 23, 2012, the Clerk sent me the above civil rights complaint, together with an application to proceed *in forma pauperis* (IFP), and a motion for appointment of counsel, filed by *pro se* plaintiff, Silvia Jenkins. (Dkt. Nos. 1-3). After reviewing the complaint, I determined that plaintiff met the financial criteria for proceeding IFP, but that her complaint did not state a claim for purposes of 28 U.S.C. § 1915(e)(2)(B)(ii). (Dkt. No. 4).

  Rather than recommending dismissal at that time, I granted plaintiff's motion to proceed IFP, for purposes of filing, but ordered plaintiff to file an amended complaint, correcting the deficiencies in the original. *Id.* I allowed plaintiff until June 25, 2012 within which to submit the amended complaint. *Id.* The Clerk of the Court was ordered to send the matter back to me for further review upon submission of an amended complaint or upon expiration of the time for doing so.[1] *Id.* at 7. As of

---

[1] I also stated that I would entertain any requests for extension of time.

today's date, plaintiff has not filed an amended complaint, nor has she asked for more time to do so, and the Clerk has sent me the matter for further review. For the following reasons, this court finds that plaintiff's complaint does not state a claim and will recommend dismissal of the action without prejudice.

I.      **Facts**

Although I reviewed the facts in my prior order, I will summarize them again for purposes of clarity in this Recommendation. Plaintiff claims that on April 28, 2012, she was in the "Booking Department" of the "Onondaga County City [sic] Jail" and that a number of Sheriffs violated plaintiff's civil rights by being mentally and physically abusive. (Compl. ¶ 4; Dkt. No. 1 at 2). Plaintiff claims that her clothes were taken away from her, she was strapped down and placed naked in an empty cell, on "Suicide Watch," until she was released the following day. (*Id.*; Dkt. No. 1 at 2-3). The complaint contains three "Causes of Action." (Dkt. No. 1 at 3). Plaintiff claims that her right to privacy was violated, that she suffered "cruel & unusual punishment without . . . remorse, and that she was the subject of verbal and written accusations against her in "those log books." Plaintiff seeks a "full investigation" and payment of her medical and psychological expenses as well as "any other damages." (*Id.* at 4).

II.     **Discussion**

   A.   **Legal Standard**

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss

the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the action must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The factual allegations must also be sufficient to

3

give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted).

**B.  Application**

As I stated in my May 24, 2012 Order, this is not the first time that this plaintiff has made similar accusations. In 2007, plaintiff sued the "Sheriff's Department," alleging that in 2005, she was assaulted by several unnamed sheriff's deputies in the "booking area." *Jenkins v. Sheriff's Dep't*, 5:07-CV-939 (DNH/GJD). On October 2, 2007, Judge David N. Hurd ordered plaintiff to amend her complaint. *Jenkins v. Sheriff's Dep't*, 5:07-CV-939 (N.D.N.Y. Oct. 2, 2007). Plaintiff may not sue a "department," and to the extent that plaintiff was attempting to name the County as a municipality, Judge Hurd found that "in order to establish liability of a municipality for violation of civil or constitutional rights, a plaintiff must allege that the municipality 'has adopted a 'custom' or 'policy' which is the 'moving force' behind the [violation]." *Id.* at 3 (quoting *Zappala v. Albicelli*, 980 F. Supp. 635, 639 (N.D.N.Y. 1997) (citing *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 689 (1978). A municipality may not be held liable based upon respondeat superior alone. *Id.*

Plaintiff filed an amended complaint in Judge Hurd's action, but plaintiff's amendment did not cure the deficiencies, and Judge Hurd dismissed the action. *Jenkins v. Sheriff's Dep't*, 5:07-CV-939 (N.D.N.Y. Nov. 21, 2007). In his order,

dismissing the case, Judge Hurd noted that plaintiff had filed eight other actions[2] in the Northern District of New York since 2005, two of which appeared to be related to the same 2005 incident. *Id.* at 1 n.1 (citing *Jenkins v. Onondaga Sheriff's Dep't*, 5:05-CV-1457 (FJS/GJD); *Jenkins v. Onondaga Sheriff's Dep't*, 9:06-CV-1092 (TJM/GHL)).  Each of these cases was ultimately dismissed due to plaintiff's failure to submit an amended complaint or plaintiff's failure to prosecute her action. *See also Jenkins v. Emergency Dep't Upstate Univ. Hosp.*, 5:06-CV-60 (N.D.N.Y. April 14, 2006; Dkt. No. 4) (FJS/GJD) (complaint dismissed after plaintiff failed to file an amended complaint as ordered by the court).

In this case, the original complaint failed to name any of the individual deputy sheriff's who allegedly violated her constitutional rights.  As plaintiff has been told several times, under New York law, departments, like the Onondaga County Sheriff's Department, that are merely administrative arms of a municipality, do not have a legal identity separate from the municipality and may not sue or be sued. *Hayes v. County of Sullivan*, Nos. 07-CV-667; 09-CV-2071, 2012 WL 1129373, at *24 (S.D.N.Y. March 30, 2012) (citing *inter alia Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)).  Plaintiff may *not* sue the Sheriff's Department.  To the extent that

---

[2] *See also Jenkins v. Commissioner of Social Security Administration*, 5:06-CV-59 (DNH/RFT), *Jenkins v. Emergency Department Upstate University Hospital*, 5:06-CV-60 (FJS/GJD), *Jenkins v. City of Syracuse, et al.*, 5:06-CV-1005 (NAM/GHL), *Jenkins v. Department of Correctional Services, et al.*, 9:06-CV-621 (LEK/GHL), *Jenkins v. Mohawk Correctional Facility, et al.*, 9:06-CV-1167 (NAM/GHL), *Jenkins v. City of Syracuse, et al.*, 5:07-CV-930 (NAM/GHL). Plaintiff has brought additional cases in this district since 2007. *See Jenkins v. Murphy*, 5:08-CV-921 (NPM/GHL), *Jenkins v. USA*, 9:09-CV-603 (TJM), *Jenkins v. Syracuse Police Dep't., et al.*, 5:10-CV-1223 (GTS/DEP), *Jenkins v. Rice, et al.*, 5:11-CV-1037 (LEK/ATB).

the court interpreted plaintiff complaint to name the municipality,[3] an entity that may be sued, plaintiff did not state any policy or custom that would allow Onondaga County to be maintained as a defendant in this action.  In my May 24, 2012 order, I stated that unless plaintiff amended her action to name either the individual sheriffs responsible for the alleged violations or asserted a policy or custom sufficient to name Onondaga County as a defendant, the complaint could not continue.

Plaintiff has failed to file an amended complaint as she has failed to do in several of her other cases, notwithstanding the court giving her an opportunity to do so.[4]  Because she has chosen to ignore the court's order and has failed to submit an amended complaint, the original complaint fails to state a claim, and this court will now recommend dismissal of this action.  The court will recommend dismissing the action without prejudice.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the complaint be **DISMISSED WITHOUT PREJUDICE** based upon 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report.  Any objections shall be filed with the Clerk of the Court.  **FAILURE TO**

---

[3] A pro se complaint is interpreted to assert the strongest arguments that it suggests. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

[4] The court notes that plaintiff does understand that she must name individual defendants or properly name the municipality.  In *Jenkins v. Syracuse Police Dep't*, No. 5:10-CV-1223 (GTS/DEP), a case that has been served and is still pending, plaintiff did name individual police officers who she believed violated her rights.

**OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: June 28, 2012

                                       *[signature]*
                                       Hon. Andrew T. Baxter
                                       U.S. Magistrate Judge