UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
──────────────────────────────────────────────

MRS. SYLVIA JENKINS,

        Plaintiff,

v.

                                        5:12-CV-0855
                                        (GTS/ATB)

ONONDAGA CNTY. SHERIFF'S DEP'T,

        Defendant.
──────────────────────────────────────────────

APPEARANCES:

MRS. SYLVIA JENKINS
  Plaintiff, *Pro Se*
1418 North State Street
Basement Apartment
Syracuse, New York  13203

GLENN T. SUDDABY, United States District Judge

## **MEMORANDUM-DECISION and ORDER**

      Currently before the Court, in this pro se civil rights action by Sylvia Jenkins ("Plaintiff") against Onondaga County Sheriff's Department ("Defendant"), is Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Plaintiff's Complaint be sua sponte dismissed, without prejudice, for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii).  (Dkt. No. 5.)  For the reasons set forth below, the Report-Recommendation is adopted and accepted in its entirety.

**I.    RELEVANT BACKGROUND**

      On May 23, 2012, Plaintiff filed a Complaint in this action.  (Dkt. No. 1.)  Generally, and liberally construed, Plaintiff's Complaint alleges that, on April 28, 2012, while she was in the "Booking Department" of the Onondaga County Jail, "a number of sheriffs" violated her "moral

and civil rights" when they mentally and physically abused her  (*Id.* at 2.)  More specifically, Plaintiff's Complaint alleges that male sheriffs stripped Plaintiff of her clothes, "strap[ped] [Plaintiff] down," and placed her in a room naked until she was released on April 29, 2012.  (*Id.*)  Plaintiff's Complaint also alleges that, while Plaintiff was in Defendants' custody, she was on suicide watch.  (*Id.* at 3.)

Based on these factual allegations, Plaintiff asserts the following three claims: (1) a claim that Defendants violated "all of [Plaintiff's] moral and civil rights"; (2) a claim that Defendants violated Plaintiff's Eighth Amendment right to be free of cruel and unusual punishment; and (3) a claim that Defendants invaded her privacy "as a female individual[,] as well as a[] human being."  (*Id.*)

On May 24, 2012, following his sua sponte review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915, Magistrate Judge Baxter Ordered Plaintiff to file an Amended Complaint in accordance with his Decision and Order, no later than June 25, 2012.  (Dkt. No. 4.)  However, as of the date of this Order, Plaintiff has failed to comply with Magistrate Judge Baxter's Decision and Order.  (*See generally* Docket Sheet.)

On June 28, 2012, Magistrate Judge Baxter issued a Report-Recommendation recommending that Plaintiff's Complaint be dismissed, without prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  (Dkt. No. 5.)  Generally, Magistrate Judge Baxter's recommendation is based on the following findings: (1) Plaintiff's Complaint fails to identify a Defendant that may be sued under 42 U.S.C. § 1983 because (as Plaintiff has been informed in the past) she may not assert a claim against the Onondaga County Sheriff's Department, which is merely an administrative arm of a municipality; (2) even if the Court were to liberally construe Plaintiff's Complaint as asserting a claim against Onondaga County,

2

Plaintiff's Complaint fails to allege facts plausibly suggesting that Onondaga County has adopted a custom or policy that was the moving force behind Plaintiff's alleged constitutional deprivations; and (3) because Plaintiff has neglected to file an Amended Complaint, as she was Ordered to do in Magistrate Judge Baxter's Decision and Order dated May 24, 2012, there is no reason to allow Plaintiff additional time to cure the deficiencies in her Complaint. (*Id.*)

On July 9, 2012, Plaintiff filed an Objection to the Report-Recommendation. (Dkt. No. 7.) Generally, when construed with the utmost of special liberality, Plaintiff's Objection asserts the following three arguments: (1) Plaintiff intentionally failed to file an Amended Complaint because she intended to rely on the Court's inevitable review of Plaintiff's Complaint, which Plaintiff believed contained "winning" claims; (2) Plaintiff's Complaint does not identify individual Defendants because the trauma Plaintiff experienced as a result of the incident giving rise to this litigation affected Plaintiff's ability to remember any of the individuals responsible; and (3) Plaintiff chooses not to identify the individuals involved in the incident, because it "adds another shock to [Plaintiff's] recovery." (*Id.*)

## II.    STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1]  When performing such a *de novo* review, "[t]he judge may . . . receive further

---

[1]   *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement

evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[3]  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error*

---

with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]  *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3]  *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

review.[4] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.   ANALYSIS

As indicated above in Part I of this Decision and Order, the only portion of the Report-Recommendation that Plaintiff specifically challenges is Magistrate Judge Baxter's finding that Plaintiff's Complaint fails to identify a Defendant that may be sued under 42 U.S.C. § 1983. (Dkt. No. 7.) After carefully considering the matter, the Court concludes that that portion of the Report-Recommendation is free from error. (Dkt. No. 5.) Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.

---

[4]   *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5]   *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

(*Id.*)  As a result, the Court adopts that portion the Report-Recommendation for the reasons stated therein.  With regard to the remaining portions of the Report-Recommendation, the Court finds that, because those portions are free from clear error (and indeed any error), the Court adopts them as well.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 5) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is *sua sponte* **DISMISSED** without **prejudice** for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(b).

Dated: September 28, 2012
 Syracuse, New York

*/s/ Glenn T. Suddaby*
Hon. Glenn T. Suddaby
U.S. District Judge